UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE M. DAVIS,

       Plaintiff,

       v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

Case No. 20-10835

Hon. George Caram Steeh

ORDER ADOPTING REPORT AND
RECOMMENDATION, GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On April 29, 2021, Magistrate Judge Curtis Ivy, Jr., issued a report

and recommendation in this action for social security disability benefits.

Magistrate Judge Ivy recommends that the court grant the Commissioner's

motion for summary judgment and deny Plaintiff's motion for summary

judgment. Plaintiff submitted objections, to which the Commissioner has

responded.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate

judges, this court "shall make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject

or modify, in whole or in part, the findings or recommendations made by the

magistrate." *Id.*

When reviewing a case under the Social Security Act, the district

court may affirm, modify, or reverse the Commissioner's decision, with or

without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the

Commissioner are conclusive if supported by substantial evidence. *Id.* The

court "must affirm the Commissioner's decision if it 'is supported by

substantial evidence and was made pursuant to proper legal standards.'"

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation

omitted). "The substantial-evidence standard is met if a 'reasonable mind

might accept the relevant evidence as adequate to support a conclusion.'"

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation

omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial

evidence supports the ALJ's decision, we do not try the case de novo,

resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, "[a]s long as

substantial evidence supports the Commissioner's decision, we must defer

to it, even if there is substantial evidence in the record that would have

-2-

supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

## ANALYSIS

In 2017, Plaintiff Natalie M. Davis filed an application for disability benefits based upon the following conditions: mental disorders (depression, anxiety), headaches, and pain associated with her back, knees, and feet. Her application was denied and an administrative law judge (ALJ) determined that she was not disabled. The ALJ determined that she had severe impairments of the left ankle and spine, as well as anxiety, depression, and borderline personality disorder. However, the ALJ found that she had the residual functional capacity (RFC) to perform light work, including "simple, routine tasks" and "simple work related decisions." ECF No. 15-2 at PageID 110-15. Her limitations included "only occasional contact with coworkers, supervisors, and the general public." *Id.*

Plaintiff asserts that the ALJ failed to properly account for her mental impairments in her RFC. The magistrate judge determined that the RFC adequately accounts for Plaintiff's mental impairments and is supported by substantial evidence. Plaintiff objects to the magistrate judge's decision, arguing that the ALJ failed to address her consistently low Global Assessment Functioning (GAF) scores and other evidence in the record.

Plaintiff further argues that the ALJ erred in determining that the severity of her mental impairments do not meet Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety and obsessive-compulsive disorders).

A GAF score, on a scale of 1 to 100, "is a subjective determination that represents the clinician's judgment of the individual's overall level of functioning." *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. Appx. 411, 415 (6th Cir. 2006). Although GAF scores may be of "considerable help" in assessing an individual's ability to function, they are not "essential" to an RFC determination. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). *See also Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 511 (6th Cir. 2006) ("[A]ccording to the DSM's explanation of the GAF scale, a score may have little or no bearing on the subject's social and occupational functioning. . . . [W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place.").

The ALJ referred to Plaintiff's treatment records from the Northeast Guidance Center, which included the GAF scores, and determined that those records "do not document disabling symptoms related to her depression and anxiety." ECF No. 15-2 at PageID 113. The ALJ relied upon these records, as well as a joint consultative examination from

-4-

psychologists Ms. Rosenzweig and Dr. Stone and the assessment of state
agency reviewing psychologist Dr. Hampton-Aytch. *Id.* Rosenzweig and
Stone found Plaintiff had "mild" limitations in focus and concentration and in
her ability to understand and execute basic tasks. ECF No. 15-9 at PageID
971. They assessed that Plaintiff was "moderately" limited in her ability to
interact with the general public or respond to supervision. Dr. Hampton-
Aytch, who also reviewed the treatment notes, likewise determined that the
medical evidence showed only mild or moderate limitations. ECF No. 15-5
at PageID 636. These assessments provided substantial support for the
RFC fashioned by the ALJ, which limited Plaintiff to "simple, routine tasks,"
"simple work related decisions," and "only occasional contact with
coworkers, supervisors, and the general public." ECF No. 15-2 at PageID
110-15. In light of this substantial evidence in support of the RFC, the ALJ's
failure to expressly reference Plaintiff's GAF scores does not warrant
remand. After a *de novo* review, the court agrees with the magistrate
judge's thorough analysis of this issue. *See* ECF No. 30 at PageID 1282-
89.

Plaintiff also points to various treatment notes that she argues the
ALJ did not adequately consider and that support a finding of disability.
However, the ALJ's decision "cannot be overturned if substantial evidence,

or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). As noted above, the RFC is supported by substantial evidence. In light of the deferential standard of review, the fact that the record may also contain some support for greater limitations does not require remand.

The magistrate judge also found that substantial evidence supports the ALJ's conclusion that Plaintiff did not meet the criteria of Listings 12.04 or 12.06. A claimant satisfies the criteria of both listings if she has "extreme" limitation in one, or "marked" limitation in two, of the following areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. *See* ECF No. 15-2 at PageID 108-109. Relying on the consultative examiner and Plaintiff's treatment records, the ALJ determined that her limitations in these areas are mild or moderate. As noted above, her low GAF scores, in themselves, do not mandate a different conclusion. *See Kornecky*, 167 Fed. Appx. at 511. Nor does Plaintiff's suggestion that the ALJ relied upon "fragments" of the record. In arguing that her limitations are "marked," she essentially asks the court to re-weigh the evidence, which it may not do. *See DeLong v. Comm'r of Soc. Sec. Admin*., 748 F.3d

723, 726 (6th Cir. 2014) (allegation of "cherry picking" "is seldom successful because crediting it would require a court to re-weigh record evidence"). Based upon the court's review of the record, substantial evidence supports the ALJ's conclusion and the magistrate judge did not err in so finding. *See* ECF No. 30 at PageID 1291-94.

CONCLUSION

After a *de novo* review of Plaintiff's objections, the court agrees with the magistrate judge's well-reasoned report and recommendation. Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Ivy's report and recommendation (ECF No. 30) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 20) is DENIED, Defendant's motion for summary judgment (ECF No. 25) is GRANTED, Plaintiff's objections (ECF No. 33) are OVERRULED, and the final decision of the Commissioner is AFFIRMED.

Dated:  August 26, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 26, 2021, by electronic and/or ordinary mail and also
on Natalie M Davis, 2230 E. Vernor Highway
Apt. 6, Detroit, MI 48208.

s/B Sauve
Deputy Clerk